United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50393
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP JOSEPH SMITH,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:05-CR-198
--------------------

Before SMITH, WEINER, and OWEN, Circuit Judges.

PER CURIAM:*

Phillip Joseph Smith appeals his conviction and sentence on three counts of mail fraud in violation of 18 U.S.C. § 1341. Finding no error, we affirm.

Smith first contests the sufficiency of the evidence to support the fraud conviction, arguing that he did nothing more than attempt to recover fees owed to him for work performed on behalf of his client, Dunois Beman, and that he had no intention to defraud the Bemans. Viewing the evidence in the light most favorable to the verdict, as we must, see United States v. Holmes, 406 F.3d 337,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

351 (5th Cir.), cert denied, 126 S. Ct. 375 (2005), we conclude that the evidence was sufficient. Inter alia, Smith continued to demand his full fee after he lost his license despite knowing that he could no longer represent Beman and thereby fulfill his part of the contract, and without informing Beman of his licensure status. Although Smith contends that he spent many hours working on the case, the evidence shows that he provided little to no benefit to Beman. He received checks via mail from Beman's mother after he surrendered his license, and he sent a letter to the federal habeas court clearly indicating that he represented Beman despite the loss of his license. It was well within the jury's province to reject Smith's testimony and explanations. Id. Given the evidence, we cannot say that the jury's conclusion that Smith committed mail fraud was unreasonable. Id. at 351, 353.

Smith next argues that the district court erred by imposing a two-level upward adjustment for abuse of position of trust under U.S.S.G. § 3B1.3. We review the district court's interpretation of the Guidelines de novo and its factual findings for clear error. See United States v. Creech, 408 F.3d 264, 270 & n.2 (5th Cir.), cert denied, 126 S. Ct. 777 (2005). As Smith continued to represent that he was an attorney and continued giving advice during the time that he attempted to collect his fees, we cannot say that the district court clearly erred in concluding that Smith abused a position of trust.

Smith asserts that the district court erred in failing to award him a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. This contention is without merit. Throughout the proceedings, and on appeal, Smith has steadfastly maintained that he is not guilty of mail fraud, a position wholly inconsistent with acceptance of responsibility. See United States v. Watson, 988 F.2d 544, 551 (5th Cir. 1993); § 3E1.1, comment. (n.2). The district court committed no error.

Finally, Smith argues that the district court erred in the amount of restitution ordered, asserting that there was no loss to the Bemans. We review for plain error and find none. First, the cursory nature of Smith's brief on this point would be sufficient to warrant rejecting his argument. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994). In addition, given that Smith received $8,100, but provided no valuable services, the district court did not err, plainly or otherwise, in determining that restitution of $8,100 was appropriate.

For the foregoing reasons, the judgment of the district court is AFFIRMED.